| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. CARGILL,<br><br>              Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | No. 2:16-cv-0949-KJN<br><br><br>ORDER ON MOTION FOR ATTORNEY FEES UNDER THE EAJA |

Plaintiff commenced this social security action on May 4, 2016. (ECF No. 1.) On August 29, 2017, the Court granted Defendant's cross-motion for summary judgment.[1] (ECF No. 17.) Plaintiff appealed, and on March 6, 2019 the Ninth Circuit reversed and remanded for further proceedings; this Court then remanded the case to the agency and entered judgment for Plaintiff. (ECF Nos. 23, 25, 26.)

Thereafter, Plaintiff filed the instant motion for attorneys' fees. (ECF No. 27.) Defendant opposes, contending its position has always been "substantially justified," and contending the fee amount requested is excessive; Plaintiff filed a reply. (ECF Nos. 29, 30.) After considering the parties' briefing and the applicable law, the Court GRANTS Plaintiff's motion for EAJA fees.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 15.)

1

**Legal Standard**

The Equal Access to Justice Act ("EAJA") provides for an award of fees, other expenses, and costs to a prevailing plaintiff in an action for judicial review of the Social Security Administration's actions "unless the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also sub. (B) (the prevailing, eligible party "shall also allege that the position of the United States was not substantially justified."). The Supreme Court has defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. [This standard] is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Pierce v. Underwood, 487 U.S. 552, 565 (1988). A position does not have to be correct to be substantially justified; rather, the standard is satisfied if there is a "genuine dispute." Id. at 565 and 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining the reasonableness of the government's position under the 'totality of the circumstances' test, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. § 2412(d)(1)(B); Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001). The government has the burden of demonstrating that its position was substantially justified, but its failure to prevail does not raise a presumption that its position was not substantially justified. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

As to the amount to award, the EAJA directs that any fee must be reasonable. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The applicant must present "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." § 2412(d)(1)(B). An increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148–49 (9th Cir. 2001); see also Thangaraja v. Gonzales, 428

F.3d 870, 876-77 (9th Cir. 2005) (holding that the cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress); Ninth Circuit Rule 39–1.6 and Notice re: EAJA rates (available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039).

EAJA fee applications are due "within thirty days of final judgment," which is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G).

**Analysis**

**I.  Substantial Justification**

Plaintiff asserts he was the prevailing party, having obtained from the Ninth Circuit a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Plaintiff asserts that Defendant's position was not substantially justified, given that the ALJ committed "legal error" in failing to appropriately justify why certain Listings were inapplicable and why the opinion of a treating physician was discounted. Thus, Plaintiff maintains fees are warranted under the EAJA.

Defendant does not dispute Plaintiff's prevailing-party status, but contends the position of the Commissioner was substantially justified, making EAJA fees unwarranted. Flores, 49 F.3d at 569. Defendant argues the ALJ did not ignore the relevant Listings or the treating physician, but simply failed to sufficiently articulate the rationale relied upon. Further, Defendant argues that the split panel at the Ninth Circuit, and this Court's finding in favor of Defendant, is objective evidence that "reasonable minds" differed on the issues raised by Plaintiff in this action and on appeal.

As to these arguments, the Court finds Plaintiff's to be more persuasive. On appeal, a majority panel at the Ninth Circuit held the ALJ committed "legal error" in failing to articulate the inapplicability of certain Listings, and in failing to "expressly explain" why the treating physician's opinion was discounted. See Cargill v. Berryhill, 762 F. App'x 407, 409 (9th Cir. 2019). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103

F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). As to the first issue, the Ninth Circuit focused on the fact that the ALJ's treatment of the Listing was "two sentences"—one of which was clear error and the other a boilerplate finding. The majority commented that though the dissent "may be correct that the ALJ's inference was reasonable, we are unable to so conclude based on a single conclusory statement." Cargill, 762 F. App'x at 409 (citing Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) ("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review.")). As to the discounting of the treating physician's opinion, the majority panel concluded that precedent requires the ALJ to "expressly explain" the reasons for doing so—in order for a court to properly conduct a harmless error analysis. Id. at 410; see also Garrison v. Colvin, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("[An] ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). Thus, the Ninth Circuit appears to have focused on the procedural errors made by the ALJ, in violation of clear precedent. Given this determination, the Court cannot say the Commissioner's defense of the ALJ's findings were substantially justified. See Kirk v. Berryhill, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) ("When the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified.") (citing Gutierrez, 274 F.3d 1255 and Flores, 49 F.3d at 570); see also Mahoney v. Comm'r of Soccial Sec. Admin., 2018 WL 3603062, at *1 (E.D. Wash. June 11, 2018) (awarding EAJA fees where the ALJ "improperly used boilerplate language in dismissing Plaintiff's claim for benefits and lacked clarity in its opinion."); Layton v. Comm'r of the Soc. Sec. Admin., 2017 WL 5158598, at *3 (D. Ariz. Nov. 7, 2017) (awarding EAJA fees where the ALJ "failed to provide specific, legitimate reasons for rejecting the opinion of Plaintiff's treating physician[.]").

Defendant's reliance on certain EAJA fees cases, where the Ninth Circuit declined to reverse the district court's denial of fees due to the lower court's "substantial justification" findings, are inapposite. See Hardisty v. Astrue, 592 F.3d 1072 (9th Cir. 2010); Lewis v.

4

Barnhart, 281 F.3d 1081, 1083 (9th Cir 2002); Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991). In each of these cases, the district court found the ALJ's position to be substantially justified, given the ALJ made explicit determinations as to certain evidence—which the lower court was able to review. As discussed above, the majority's decision focused on the procedural errors committed by the ALJ (in failing to make the proper express findings on the record). Cargill, 762 F. App'x at 409–410. In fact, the majority panel recognized that Defendant may ultimately prevail, but the lack of a clear record precluded a determination on the merits. Id. at 410. The Court also recognizes the split panel in this case, but finds this factor cannot outweigh the conclusive command of the majority's opinion as to the ALJ's procedural errors. See, e.g., Aranda v. Astrue, 2011 WL 2413996, at *3 (D. Or. June 8, 2011) (awarding EAJA fees in case where split Ninth Circuit panel held the ALJ's assessment of a doctor's opinion was inadequate, as "the government's position must have a reasonable basis in law and fact," and "the fact that another court agreed or disagreed with the Commissioner does not establish whether the government's position was substantially justified.") (citing Pierce, 487 U.S. at 569)).

Thus, the Court finds Plaintiff eligible for an award of fees under the EAJA.

**II.     Reasonableness of the Fee Request**

Plaintiff asserts his request for reimbursement of 95.65 billable hours is reasonable, given counsel's unfamiliarity with the case prior to filing the complaint with this Court, counsel's review of an administrative record totaling almost a thousand pages, the complexity of the evidence submitted and inconsistencies of clinical reports, and the fact that this action spanned a three-year period that included cross–motions for summary judgment and an appeal to the Ninth Circuit. (See ECF No. 28-2.) Counsel's billing statement shows the rate claimed is that prescribed by the Ninth Circuit's EAJA notice pursuant to Rule 39–1.6. See Id. Finally, Plaintiff requests reimbursement of $2,042.99 in costs, which includes court filing fees, parking, printing, postage, travel and mileage. See Id. Thus, Plaintiff asserts his request for $20,433.59 is reasonable.

Defendant contends some of counsel's stated hours in the request are unreasonable. After independently reviewing the individual time entries on the timesheets submitted by

5

plaintiff's counsel (ECF No. 28–2), the Court deducts the following time spent on purely clerical or secretarial tasks (such as receiving and preparing files; receiving routine case e-mails; and reviewing routine notices and filings, such as answers, notices of appearance, and orders granting pro hac vice applications): (a) 0.65 hours of various clerical time in 2017 at an hourly rate of $196.79; (b) 0.15 hours of clerical time in 2018 at an hourly rate of $201.60, for a total deduction of $158.15. As to Defendant's other disputes, the fact that counsel billed a number of hours to review the record and more hours to compose Plaintiff's briefs for the Ninth Circuit, the Court disagrees. Given the fact that Plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the Court concludes that the requested amount of fees, as modified above is consistent with the result obtained. See Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (reminding that in assessing EAJA requests, a court should defer to counsel's "professional judgment as to how much time he was required to spend on the case," as sometimes "the vicissitudes of the litigation process" will require lawyers to duplicate tasks.).

Therefore, the Court will award Plaintiff EAJA attorneys' fees in the full amount of $20,275.44.

### III. Assignment of Fees

The Court notes that Plaintiff has executed an assignment of EAJA fees to Plaintiff's counsel. (ECF No. 28-1.) However, the EAJA award must be made by this Court to Plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

### **ORDER**

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that Plaintiff is awarded attorneys' fees under the EAJA in the total amount of $20,275.44. (ECF No. 27.) If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

////

IT IS SO ORDERED.

Dated: July 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carg.949