UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. CARGILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:16-cv-949-KJN<br><br><u>ORDER</u><br><br>(ECF No. 34) |

Presently pending before the court is counsel for plaintiff Jared Walker's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), filed on April 12, 2021. (ECF No. 34.)[1] Plaintiff's counsel seeks an award of $20,919.25 (25% of plaintiff's past due benefits). After a refund to plaintiff of $19,370.44 for the previously-awarded EAJA fee, counsel would obtain a Section 406(b) award of $1,548.81. The Commissioner filed a brief response to counsel's motion (ECF No. 36), and did not alert the court to any issues in its role as trustee.

For the reasons stated below, the court grants the motion for attorneys' fees under 42 U.S.C. § 406(b), and orders counsel refund the previously-awarded EAJA fee.

///

---

[1] This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge. (ECF Nos. 6, 15.)

1

**BACKGROUND**

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here. (See ECF No. 17.) Briefly stated, on August 29, 2017, the court granted plaintiff's motion for summary judgment in part, and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g). (Id.) Following remand, an administrative law judge ultimately issued a fully favorable decision. (See ECF No. 34.)

Subsequently, plaintiff's counsel filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 27.) On July 9, 2019, the court granted the request for fees and costs under the EAJA in the amount of $19,370.44. (ECF No. 33.) On April 12, 2021, plaintiff's counsel filed the instant motion for attorney's fees under 42 U.S.C. § 406(b). (ECF No. 34.) Counsel served this motion on plaintiff. (Id.) The Commissioner filed a response. (ECF No. 36.)

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions where the losing party is responsible for attorneys' fees, the attorneys' fees provision in 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). However, "[b]ecause the [Commissioner] has no

direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Id. at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht. Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In Gisbrecht, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee. 535 U.S. at 808-09. The Court held that a district court charged with determining a reasonable fee award under Section 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," id. at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness," id. at 808. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." Id. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id. at 807.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

3

In support of his motion for attorney's fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of 25% of any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (ECF No. 34-1.) In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned does not find any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits. Furthermore, the total amount sought ($20,919.25) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. In his briefing, plaintiff's counsel indicates that he spent approximately 95.65 hours on the case, which equates to a rate of approximately $219 per hour. It is important to note that plaintiff's counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied in full at the administrative level. (ECF No. 8-3.) The court finds that the fee amount requested is reasonable in light of the several years of litigation and the result achieved, and cannot be said to amount to a windfall to plaintiff's counsel.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 34) is GRANTED;
2. The Commissioner shall pay plaintiff's counsel in this case the sum of $20,919.25 in attorneys' fees under 42 U.S.C. § 406(b); and
3. Plaintiff's counsel shall reimburse plaintiff $19,370.44 in previously awarded EAJA fees.

Dated: April 30, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carg.949

4